UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **RICHARD LEE HARTMAN** | ) | **CASE NO.:** |
| **5635 South Avenue** | ) | |
| **Boardman, Ohio 44512** | ) | |
| | ) | **JUDGE:** |
| **Plaintiff,** | ) | |
| | ) | **MAGISTRATE:** |
| | ) | |
| | ) | |
| **vs.** | ) | **COMPLAINT** |
| | ) | Type:  Breach of Contract; |
| | ) | Breach of Warranty; |
| | ) | Violation of Consumer Sales Practices |
| **DANNY LOWRY** | ) | Act; |
| **140 Pine Log Rd.** | ) | Fraud; |
| **Beech Island, SC 29842** | ) | Civil Conspiracy |
| | ) | |
| **and** | ) | **JURY TRIAL REQUESTED** |
| | ) | |
| **RICKY SANDERS dba** | ) | |
| **RICKY SANDERS RACING** | ) | |
| **6043 N. Henry Blvd., Suite H** | ) | |
| **Stockbridge, GA 30281** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **MIKE WALKER dba** | ) | |
| **5150 RACE TRAILERS** | ) | |
| **1490 Abbey Road** | ) | |
| **Lewisburg, TN 37091** | ) | |
| | ) | |
| **Defendants,** | ) | |

Plaintiff, Richard Lee Hartmann ("Hartman"), for his Complaint against the Defendants,

Danny Lowry ("Lowry"), Ricky Sanders dba Ricky Sanders Racing ("Sanders"), and Mike Walker

dba 5150 Race Trailers ("5150") states:

## PARTIES, JURISDICTION, AND VENUE

1.      Plaintiff is an individual who resides in the City of Canfield, Mahoning County, Ohio.

2.      Upon information and belief, Danny Lowry ("Lowry") is an individual who is a resident of the State of South Carolina.

3.      Upon information and belief, Ricky Sanders ("Sanders") is an individual who is a resident of Georgia and conducts a business under the name Ricky Sanders Racing in Stockbridge, Georgia.

4.      Mike Walker ("5150") is an individual who is a resident of Tennessee and conducts a business under the name of 5150 Race Trailers in Lewisburg, Tennessee.

5.      Subject matter jurisdiction is proper under this Court's diversity jurisdiction, 28 U.S.C. §1332(i)(1), because there is a diversity of citizenship between Hartman and the Defendants; and, more than $75,000.00, exclusive of interest and cost, is in controversy.

6.      There is personal jurisdiction over Lowry in this Court because Lowry has sufficient minimum contacts with the State of Ohio; to wit, Lowry, through Sanders, marketed the sale of a truck and race trailer over the internet to residents of the State of Ohio, including Hartman.

7.      There is personal jurisdiction over Sanders in this Court because Sanders has sufficient minimum contact with the State of Ohio; to wit, Sanders, acting as an authorized agent and representative of Lowry, marketed the sale of a truck and race trailer over the internet to residents of the State of Ohio, including Hartman.

8.      There is personal jurisdiction over 5150 in this Court because 5150 has sufficient minimum contacts with the State of Ohio; to wit, Walker solicited and contracted Hartman to

2

perform repairs and certain improvements to the tractor and race trailer purchased by Hartman from Lowry.

9.     Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(1) because each of the Defendants are subject to the personal jurisdiction of this Court; and, as such are deemed to reside in this jurisdiction

## FACTS APPLICABLE TO ALL CLAIMS

10.     Hartman is a classic car enthusiast and collector who is also greatly interested in racing, specifically drag racing.

11.     Hartman holds licenses and certifications issued by The National Hot Rod Association ("NHRA") to drag race automobiles.

12.     Hartman desired to pursue his interest in drag racing and acquired a drag racing automobile to enter into NHRA events.

13.     Hartman then sought to purchase a truck and trailer to transport his drag racing automobiles and equipment to various NHRA events.

14.     Hartman researched available trucks and trailers for purchase, which eventually led him to review trucks and trailers for sale on the website racingjunk.com (https://www.racingjunk.com.) (See Ad from website attached as Exhibit "A.")

15.     Racingjunk.com offers a wide variety of products and services for sale, including antique/classic cars and trucks, racing cars, drag racing cars, parts, trailers, and tow vehicles. Racingjunk.com also allows various businesses to advertise their services and products on its website. Racingjunk.com further allows individuals to sell items on the website either on their own or with the assistance of Racingjunk.com.

16.     Sanders and 5150 offer items for sale and/or services as a member business on racingjunk.com.

17.     In November 2019, Lowry, through his authorized agent and representative, Sanders, offered a 2008 Volvo Truck and 2008 Wildside Trailer for sale on racingjunk.com. Through racingjunk.com, the advertisements for the sale of the Truck and Trailer was available for review by any individual in all 50 states of the United States, including Ohio. (Exhibit "A.")

18.     Hartman discovered the advertisement for the sale of the 2008 Volvo Truck and the 2008 Wildside Trailer on racingjunk.com.

19.     Sanders, as an authorized representative of Lowry, subsequently communicated with Hartman in Ohio regarding the sale of the Truck and Trailer by Lowry to Hartman.

20.     Lowry, through Sanders, represented that the Truck and Trailer were roadworthy; the Volvo Truck only had 64,597/ 65,165 miles on it; and the Volvo Truck complied with all applicable manufacturer's specifications for such a vehicle.

21.     On November 25, 2019, Hartman and Lowry, through Sanders, entered into an agreement for Hartman to purchase the 2008 Volvo Truck and 2008 Wildside Trailer from Lowry for the sum of $160,000.00.  Hartman wired $16,000.00 for a deposit.

22.     Hartman traveled to Stockbridge, Georgia, and took possession of the Truck and Trailer on or about December 5, 2019, to transport the Truck and Trailer back to Ohio.

23.     Prior to delivery to Hartman, Lowry promised to reinstall the emissions equipment, which had been improperly and illegally removed by Lowry.

24.     Prior to the closing of the sale, Lowry communicated with Hartman regarding several other repairs and/or services to be performed on the Truck and Trailer prior to the closing of the sale.

4

25.     Once Hartman took possession of the Volvo Truck and Wildside Trailer and began his return trip to Ohio, he experienced mechanical problems and breakdowns the entire way.

26.     Hartman notified Lowry of these problems as soon as he returned to Ohio. Lowry agreed to fix the problems.

27.     On December 5, 2019, Sanders/ Lowry confirmed the emissions equipment problem and promised any issues would be repaired. This promise was confirmed several times by Sanders starting on December 9, 2019, with an email to Hartman and Lowry on the Trailer problems.

28.     Hartman took the Truck to a local dealer as instructed by Lowry, specifically, R&R Truck Center 44 Victoria Rd., Youngstown, Ohio 44515. The local dealer refused to work on the Truck because of the emissions being removed and odometer tampering. Dealer instructed Hartman that the computer did not reflect the actual miles on the Truck. R&R instructed Hartman that no dealer would work on the Truck because the emissions were removed and the odometer was altered. If he broke down on the highway, he is on his own to get any repairs done.

29.     Hartman notified Lowry that he had located one of the original builders of the Truck and Trailer, specifically 5150. Lowry approved the necessary repairs at 5150 and agreed to pay for the repairs on the Volvo Truck and Wildside Trailer.

30.     After communicating with Mike Walker of 5150, Hartman delivered the Wildside Trailer to 5150 for them to perform a series of repairs, upgrades, and improvements to the Wildside Trailer before returning to Ohio.

31.     Hartman notified Lowry through January 20, 2020, of the many problems with the Trailer.

5

32.     5150 took possession of the Trailer and promised to make approximately thirty (30) different repairs and/or improvements to the Trailer.

33.     Despite repeated requests, 5150 never completed the vast majority of the repairs and/or improvements, as agreed.  Instead, they ultimately returned the Truck and Trailer to Hartman only partially completed.

34.     Hartman subsequently discovered several of the repairs made by 5150 to the Wildside Trailer, which rendered it illegal to operate on public highways within the United States without an oversized/overweight permit.

35.     5150 also made changes to the wheel assemblies and axles on the vehicle rendering them unsafe for operation under all circumstances.  The improper repairs performed by 5150 has rendered the vehicle essentially useless and unrepairable.

36.     Hartman subsequently discovered that Lowry's representations, through Sanders, regarding the mileage on the 2008 Volvo Truck were intentionally false and misleading.  Hartman discovered that the tractor trailer's actual mileage exceeded 200,000 miles, while Lowry represented that the tractor only had 64,597/ 65,165 miles on it.

37.     To date, Hartman has now expended in excess of $205,000.00 for the purchase and repair of the 2008 Volvo Truck and 2008 Wildside Trailer; yet, neither are roadworthy and especially not roadworthy to legally transport drag racing cars and equipment on the nation's highways and roads.

38.     Due to Lowry's misrepresentations through Sanders and the conduct of 5150, Hartman has now expended in excess of $205,000.00 for the tractor and Trailer that are, in all respects, useless and unfit for its intended purpose.

## COUNT ONE
### (Fraudulent Misrepresentation and or Concealment by Sanders and Lowry)

39.    Plaintiff incorporates the allegations contained in Paragraphs 1 through 38 of the Complaint.

40.    Lowry, through his authorized agent, Sanders, misrepresented and/or concealed the mileage on the Volvo Truck and the roadworthiness of the Wildside Trailer.

41.    In December 2019, the Volvo Truck's odometer represented the Truck had 64,597/65,165 miles; when in fact, the Volvo Truck had over 200,000 miles on it.

42.    Defendants Lowry and/or Sanders tampered with the Volvo Truck's odometer to hide the true mileage on the Truck to misrepresent and/or conceal the actual mileage on the Volvo Truck from Hartman.

43.    Lowry and/or Sanders misrepresented and/or concealed the mileage on the Volvo Truck. Their representations were false; and, they knew them to be false.

44.    Lowry and/or Sanders also misrepresented and/or concealed the roadworthiness of the Truck from Hartman by claiming that the Truck was of legal height, complied with all applicable state and federal statutes regarding emissions and pollution control equipment; and, was ready and able to be used to transport racecars, as represented. There was no recertification by the manufacturer or a new emission label and certification issued.

45.    Lowry and Sanders intended Hartman to rely upon their intentionally false representations and/or concealment of the true facts.

46.    Hartman did reasonably rely upon Lowry and Sanders' intentionally false representation and/or concealment of the facts.

47.   As a direct and proximate result of Lowry and/or Sander's fraudulent misrepresentations and/or concealment, Hartman suffered damages in an amount in excess of $75,000.00, exclusive of interest and costs.

## COUNT TWO
### (Breach of Express Warranties against Lowry and Sanders)

48.   Plaintiff incorporates the allegations contained in Paragraphs 1 through 47 of the Complaint.

49.   Lowry and Sanders expressly warranted that the Volvo Truck had 64,597/65,165 miles on it and that the Wildside Trailer was fit for the use to haul racecars, as represented.

50.   Lowry and Sanders breached their express warranties to Hartman because the Volvo Truck had more than three times the actual miles on it then shown on the odometer, and the Wildside Trailer was not fit to be used on the interstate highways and roads in the United States because it was an illegal height and not capable of handling the weights of the racecars to be hauled.

51.   As a direct and proximate result of Lowry and Sander's breach of the expressed warranties, Hartman suffered damages in an amount in excess of $75,000.00, exclusive of costs and interest.

## COUNT THREE
### (Breach of Implied Warranties against Lowry and Sanders)

52.   Plaintiff incorporates the allegations contained in Paragraphs 1 through 51 of the Complaint.

53.   Lowry and Sanders implied the Volvo Truck and Wildside Trailer were fit for their intended use of hauling race cars and equipment.

54.     Lowry and Sanders breached their implied warranty to Hartman when they sold the Volvo Truck with more than three times the actual mileage represented on the odometer; and, the Wildside Trailer was unfit to legally drive along the interstate highways and roads in the United States and unfit to haul the racecars and equipment it was allegedly designed to handle.

55.     As a direct and proximate result of Lowry and Sander's breach of implied warranties, Hartman suffered damages in an amount in excess of $75,000.00, exclusive of costs and interest.

## COUNT FOUR
### (Breach of Contract against Lowry and Sanders)

56.     Plaintiff incorporates the allegations contained in Paragraphs 1 through 55 of the Complaint.

57.     Lowry and Sanders breached their contract (Exhibit "B") with Hartman by selling a Volvo Truck in which the emissions pollution equipment, as well as the odometer, had been illegally tampered with by Lowry and which was unfit for its intended use to haul racecars and equipment; as represented.

58.     As a direct and proximate result of Lowy and Sander's breach of contract, Hartman suffered damages in an amount in excess of $75,000.00, exclusive of costs and interest.

## COUNT FIVE
### (Violation of Consumer Sales Practices Act by Lowry and Sanders)

59.     Plaintiff incorporates the allegations contained in Paragraphs 1 through 58 of the Complaint.

60.     Lowry and Sanders, through their advertisement on racingjunk.com, represented that the Volvo Truck and Wildside Trailer were approved and usable as a Truck and Trailer to haul racecars and equipment.  Through their online ads at racingjunk.com, Lowry and/or Sanders knew

that individuals, like Hartman, could not readily perform a physical inspection on the Volvo Truck and Wildside Trailer and knew that individuals like Hartman would rely on their representations regarding its fitness for the use to haul racecars and equipment as well as be legally able to operate on highways and roads in the United States.

61.     Lowry and Sander's representations were deceptive, unfair, and unconscionable.

62.     As a direct and proximate result of Lowry and Sander's violation of Ohio's Consumer Sales and Practices Act, Hartman suffered damages in an amount in excess of $75,000.00, exclusive of interest and costs.

## COUNT SIX
### (Civil Conspiracy against Lowry and Sanders)

63.     Plaintiff incorporates the allegations contained in Paragraphs 1 through 62 of the Complaint.

64.     Lowry, using Sanders as his authorized agent, maliciously conspired with Sanders to misrepresent and/or defraud Hartman in the sale of the Volvo Truck and Wildside Trailer.

65.     Lowry and Sanders made intentionally false representations and/or concealed necessary facts in their internet advertising, which crossed state lines and constitutes wire fraud as that term is defined under 18 U.S.C.1943.

66.     As a direct and proximate result of Lowry and Sander's unlawful and malicious civil conspiracy, Hartman has been damaged in an amount in excess of $75,000.00, exclusive of interest and costs.

## COUNT SEVEN
### (Breach of Contract against 5150 Race Trailers)

67.     Plaintiff incorporates the allegations contained in Paragraphs 1 through 66 of the Complaint.

68.     After purchasing the race Trailer from Lowry, the Wildside Trailer was delivered to 5150 by Hartman in order for Lowry to correct and/or fix several improper and damaged components of the Truck and Trailer.

69.     Lowry picked up the Volvo Truck from 5150 to repair illegal alterations Lowry had previously made to the Volvo Truck, including reinstallation of the emission equipment illegally removed from the Volvo Truck.

70.     Lowry proceeded to make a series of repairs to the Volvo Truck that entirely failed, resulting in stranding Hartman in the Truck on Tennessee's roads, far from home.

71.     5150 agreed to perform a series of repairs and/or improvements to other equipment on the Volvo Truck and Wildside Trailer.

72.     Hartman took the Trailer to Mainline Truck and Trailer 360 Solon Rd., Cleveland, Ohio 44146.

73.     Mainline Truck and Trailer deemed the Wildside Trailer unsafe and unrepairable due to the repairs attempted by 5150.

74.     Hartman then took the Volvo Truck to Pegasus Vans and Trailers, 4003 Tiffin Ave., Sandusky, Ohio 44870. Pegasus is an industry expert. Pegasus deemed the Trailer unsafe and unrepairable from 5150 repairs.

75.     5150 breached its contract by failing to properly perform and/or improperly performing the repairs on most if not all of the items that it promised to correct and/or improve on the Volvo Truck and Wildside Trailer.

76.     As a direct and proximate result of 5150's breach of contract, Hartman incurred damages in excess of $75,000.00, exclusive of interest and costs; including, repairs and work performed by 5150 in excess of $15,000.00.

11

WHEREFORE, Plaintiff requests a judgment in its favor as follows:

a. On Count 1. Monetary damages in excess of $75,000.00, exclusive of interest and costs plus interest, court costs, and attorney fees;

b. On Count 2. Monetary damages in excess of $75,000.00, exclusive of interest and costs plus interest, court costs, and attorney fees;

c. On Count 3: Monetary damages in excess of $75,000.00, exclusive of interest and costs plus interest, court costs, and attorney fees;

d. On Count 4: Monetary damages in excess of $75,000.00, exclusive of interest and costs plus interest, court costs, and attorney fees;

e. On Count 5: Monetary damages in excess of $75,000.00, exclusive of interest and costs plus interest, court costs, and attorney fees;

f. On Count 6: Monetary damages in excess of $75,000.00, exclusive of interest and costs plus interest, court costs, and attorney fees;

g. On Count 7: Monetary damages in excess of $75,000.00, exclusive of interest and costs plus interest, court costs, and attorney fees; and

h. Any other relief the Court deems just and equitable.

Respectfully submitted,

**LAW OFFICES OF
STEPHEN J. PRUNESKI, LLC**

/s/ Stephen J. Pruneski
Stephen J. Pruneski (0030333)
Email: spruneski@sjp-law.com
One Cascade Plaza, Suite 1445
Akron, Ohio 44308
Telephone: (330) 436-5100
Direct: (330) 436-5102
*Attorney for Plaintiff*

12

## JURY DEMAND

Plaintiff requests a Jury Trial on all Claims.

/s/ Stephen J. Pruneski
Stephen J. Pruneski (0030333)
*Attorney for Plaintiff*

13

### Ricky Sanders ▶ Drag Racing
November 14, 2019 · 🌐

2008 Volvo and 56' Wildside transporter
65,165 Both units have always been together
D16 535HP with Emission delete
Automatic transmission
Air Ride
Air Brake
Air Seats
Dinette Bunk that converts to bed
Rear door and deck to access trailer
TV
Sink with water tank
Power windows
Power Locks
Power mirrors
New windshield
New Headlights
Bridgestone 295/75R 22.5 Date code 3113
Kobota Generator

2008 Wildside 56' Living Quarters Trailer
Slide out
Full Kitchen
Full Bathroom
Bedroom with slide up roof
Screw type liftgate
New tires
57" x 25' upper deck
Screw type air compressor
A/C Throughout
Drag style pro awning
Lots of cabinets and work bench areas
Computer work area
Stereo system with PA mike and outside speakers
Lista drawer system
Fuel/Oil/Air and water tanks plumbed to outside access
Outside access/work doors with shelves, hose reals, storage access
Outside lights
Outside sink
Belly storage

Many more features. Was built for drag racing but can be used in many applications. Very well maintained, clean and ready to go to the track.




PLAINTIFF'S
EXHIBIT
A



$172,000
**2008 Volvo / Wildside Race Transporter**
Stockbridge, GA

Message

👍😮 8

5 Comments  9 Shares

👍 Like          ↪ Share



**INVOICE**

Ricky Sanders Racing Inc.
6043 N. Henry Blvd., Ste H
Stockbridge, Ga. 30281
770-506-0090Ph.  –  770-506-0091Fax

INVOICE # 112619RSDL
DATE: NOVEMBER 26, 2019

**TO:**   Premier Auto Sales
5635 South Avenue
Boardman, Ohio 44512

**SHIP TO:**

| SALESPERSON | P.O. NUMBER | REQUISITIONER | SHIPPED VIA | F.O.B. POINT | TERMS |
|---|---|---|---|---|---|
| Ricky | Verbal | Lee Hartman | | | Due on Receipt |

| QUANTITY | DESCRIPTION | | UNIT PRICE | TOTAL |
|---|---|---|---|---|
| 1 ea. | 2008 Volvo Truck | VIN#4V4NC9KK08N263270 | | |
| 1 ea. | 2008 Wildside Trailer | VIN#1W9SV56378F335468 | | |
| | | | SUBTOTAL | $160,000.00 |
| | | | TOTAL DUE | $160,000.00 |

**Make all checks payable: Ricky Sanders Racing**
If you have any questions concerning this invoice, contact Ricky Sanders

