UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD LEE HARTMAN | : | Case No.:  4:20-cv-2752 |
| Plaintiff, | : | Judge Pearson |
| | | Magistrate Henderson |
| vs. | : | |
| | | **MOTION TO DISMISS** |
| DANNY LOWRY | : | |
| RICKY SANDERS dba | : | |
| RICKY SANDERS RACING | | |
| | : | |
| MIKE WALKER dba | | |
| 5150 RACE TRAILERS | : | |
| Defendants. | : | |

Now come defendants Danny Lowry, and Ricky Sanders, by and through

counsel, and hereby respectfully move this Court pursuant to Rule 12(B)(2) and (3) for

an order dismissing the plaintiff's Complaint.  Alternatively, defendants request this

Court transfer the matter to the United States District Court in Georgia pursuant to 28

USC 1406.  This motion is supported by the accompanying memorandum.

Respectfully submitted,

_/s/ Thomas J. Gruber_ _____
Thomas J. Gruber     (0018697)
Michael P. Cussen     (0065078)
McCaslin, Imbus & McCaslin
600 Vine Street, Suite 800
Cincinnati, OH   45202
Phone:  513-421-4646
Fax:  513-421-7929
e-mail:  tjgruber@mimlaw.com
mpcussen@mimlaw.com
**_Counsel for Defendants Lowry and Sanders_**

## MEMORANDUM

Plaintiff's complaint arises out of the sale of a truck and trailer from defendant, Danny Lowery. The complaint asserts claims for fraudulent misrepresentation, breach of express warranties, breach of implied warranties, breach of contract, violation of the Consumer Sales Practices Act, and seeks damages in excess of $75,000. However, as set forth below plaintiff's lawsuit should be dismissed as the defendants have no ties to Ohio and are not subject to the jurisdiction of this Court.  Alternatively, should the Court determine dismissal is improper, the matter should be transferred to the United States District Court for Georgia where both jurisdiction and venue would be proper.

Plaintiff acknowledges defendant, Lowry, is an individual who resides in South Carolina.[1]  Further, defendant, Ricky Sanders, is an individual residing in Georgia conducting business under the name Ricky Sanders Racing in Stockbridge, Georgia.[2] Plaintiff sought to purchase a truck and trailer to transport his drag racing automobiles to various NHRA events.[3]  Plaintiff researched available trucks and trailers on the internet including the site, Racingjunk.com.[4]  Racingjunk.com allows businesses to advertise services and products and sell items on the website.[5]

It is alleged in November of 2019 defendant, Lowry, through Sanders, placed an ad for the sale of a 2008 Volvo truck and 2008 Wildside trailer on Racingjunk.com.[6] Plaintiff discovered the advertisement and contacted defendant Sanders regarding the purchase of the trailer.[7]  On November 25, 2019, plaintiff purchased the 2008 Volvo

---

[1] Plaintiff's Complaint ¶ 2.
[2] Plaintiff's Complaint ¶ 3.
[3] Plaintiff's Complaint ¶ 13.
[4] Plaintiff's Complaint ¶ 14.
[5] Plaintiff's Complaint ¶ 15.
[6] Plaintiff's Complaint ¶ 17.
[7] Plaintiff's Complaint ¶ 18.

truck and Wildside trailer from Lowry for $160,000.[8]  Mr. Hartman then went to

Stockbridge, Georgia to take possession of the truck and drive it back to Ohio.[9]  On his

trip back to Ohio plaintiff began experiencing mechanical difficulties and contacted Mr.

Lowry who agreed to pay for the repairs to the vehicle.[10]  The vehicle was taken to Mike

Walker dba 5150 Race Trailers in Lewisburg, Tennessee for the repairs.[11]  However,

the repairs were never completed and the truck is now alleged to be illegal to operate

on public highways.[12]

The plaintiff attempts to invoke this Court's jurisdiction by the mere fact the

defendants advertised the sale of the truck and trailer on the internet and because the

items were on the internet anyone in the world, including residents of Ohio, could view

the items.[13]  However, it is clear the placing an item for sale on the internet does not

provide this Court with jurisdiction over the defendants.  Rather, the law requires much

more for a court to exercise jurisdiction over a nonresident defendant.

The party seeking to assert personal jurisdiction bears the burden of

demonstrating such jurisdiction exists.[14]  Under the context of a Rule 12(B)(2) motion, a

plaintiff bears the burden of establishing the existence of jurisdiction.[15]  In the face of a

properly supported motion for dismissal the plaintiff may not stand on his pleadings but

must, by affidavit or otherwise, set forth specific facts showing the court has

jurisdiction.[16]  The plaintiff's burden is to make a *prima facie* showing that personal

---

[8] Plaintiff's Complaint ¶ 21.
[9] Plaintiff's Complaint ¶ 22.
[10] Plaintiff's Complaint ¶ 25, 26.
[11] Plaintiff's Complaint ¶ 30.
[12] Plaintiff's Complaint ¶ 34.
[13] Plaintiff's Complaint ¶ 6,7.
[14] *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F. 3d 883 (6th Cir. 2002).
[15] *Serras v. First Tennessee Bank National Association,* 875 F.2d 1212 (6th Cir. 1989).
[16] *Carrier Corp. Outokumpu Oyj*, 673 F.3d 430 (6Th Cir. 2012).

jurisdiction exists in order to defeat dismissal.[17]  A *prima facia* showing is made by establishing with reasonable particularity sufficient contacts between the defendant and the forum state to support jurisdiction.[18]

Personal jurisdiction exits if the defendant is amenable to service of process under the forum state's long-arm statute and if the exercise of personal jurisdiction would not deny the defendant due process.[19]  When faced with a motion to dismiss for lack of personal jurisdiction, a court must first determine whether personal jurisdiction is proper under the forum state's long arm statute.[20]  If the court determines personal jurisdiction under the long arm statute is appropriate, it must then decide whether exercising jurisdiction is consistent with the due process clause of the United States Constitution.[21]

Ohio's long arm statute does not authorize the exercise of jurisdiction over the defendants in this case.  Ohio's long arm statute states in part:

> A court may exercise personal jurisdiction over a person who acts directly or through an agent to: transact business in the state; contract to supply services or goods in the state; causes tortious injury by an act or omission in the state; causes tortious injury in the state by an act or omission outside the state if the person regularly does or solicits business or engages in any other persistent course of conduct or derives substantial revenue from goods used or consumed or services rendered in the state; causes injury in the state to any person by breach of warranty, express or implied, made in the sale of goods outside the state and the person might reasonably have expected that such person to use, consume or be affected by the goods in the state provided that the person also regularly does or solicits business or engages in any other persistent course of conduct or derives substantial revenue from goods used or consumed or services rendered in the state; causes tortious injury in the state to any person by an act outside the state committed with the purpose of injuring

---

[17] *Bird v. Parsons,* 289 F.3d 865 (6th Circuit 2002).
[18] *Neogen, Id.*
[19] *Bird, Id.*
[20] *Bird, Id.*
[21] *Bird, Id.*

persons when the person might reasonably have expected that some person would be injured thereby in the state; causes tortious injury to any person by a criminal act, the element of which takes place in the state; having an interest in, using or possessing real property in the state; contracting to insure any person, property or risk located within the state contracting.  R.C. 2307.382.

The basis for this Court to exercise personal jurisdiction over defendants Lowry and Sanders is simply the defendants marketed the sale of the truck and trailer over the internet and because the ad was on the internet residents of Ohio could view it.  There are no allegations defendants came to Ohio to conduct business or even that they transacted any business in Ohio.  In fact, in the complaint Plaintiff states he went to Georgia to purchase and pick up the truck and trailer.  The only connection Ohio has with these parties and this transaction is the plaintiff lives in Ohio.  This is not enough for the Court to exercise jurisdiction under Ohio's long arm statute.  Because the Court cannot exercise jurisdiction under the long arm statute the case must be dismissed or in the alternative transferred to the District Court where the defendants reside and acted.

If the Court were to determine Ohio's long arm statute may give rise to jurisdiction over the defendants, the Court must still decline to exercise jurisdiction as it would not comport with the Due Process clause of the 14th Amendment.  The due process inquiry examines whether a non-resident defendant has sufficient contacts with the forum state such that the exercise of jurisdiction satisfies traditional notions of fair play and substantial justice.[22]  The due process standard can be met by showing general jurisdiction or specific personal jurisdiction.[23]

---

[22] *CumpuServe  Inc. v. Patterson,* 89 F.3d at 1257 (6th. Cir. 1996).
[23] *Conn v. Zakharov,* 667 F. 3d 705 (6th. Cir 2012).

5

Personal jurisdiction over an out of state defendant arises from certain minimum contacts with the forum such that maintenance of the suit does not offend traditional notions of fair play and substantial justice.[24] Depending on the type of minimal contacts in the case, personal jurisdiction could be either specific or general.[25] General personal jurisdiction exists where the suit does not arise from defendant's contacts with the forum state.[26] Specific jurisdiction exists where the suit does arise from the defendant's contacts with the forum state.[27]

The Supreme Court has declined to define an explicit test for general jurisdiction but has repeatedly held for a non-resident defendant to be subject to the general jurisdiction of the forum state, his Contacts with that state must be continuous and systematic.[28] Here there is no allegations the defendants have they type of contacts with Ohio to render it subject to this Court exercising general personal jurisdiction over them. The defendants are not residents of Ohio.[29] They do not transact or operate any business in Ohio.[30] They do not own property or bank accounts in Ohio.[31] In fact, there is no allegation defendants ever even visited Ohio or sought to involve themselves with anyone in Ohio. The Compliant acknowledges the plaintiff went to Georgia to pick up the truck and trailer after purchasing it.

The only connection between Ohio and the defendants is the allegation the ad which defendants placed on a website could be viewed by residents of Ohio. While this

---

[24] *International Shoe Company v. Washington,* 326 U.S. 310, 66 S. Ct. 154 (1954).
[25] *Reynolds v. International Amateur Athletic Federation,* 23 F.3d 1110 (6th Cir. 1994).
[26] *Conn, Id.*
[27] *Conn, Id.*
[28] Helicopteros Nacionales de Columbia, S.A. v. Hall 466 U.S. 408 (1984).
[29] Lowry and Sanders Affidavits.
[30] Lowry and Sanders Affidavits.
[31] Lowry and Sanders Affidavits.

is true there is no allegation the ad was targeting Ohio residents.  Rather, it is alleged to simply be an ad on the internet that anyone in the world could view.  Clearly, this does not meet the standard for a court to exercise general jurisdiction. Therefore, the Court does not have enough to assert general personal jurisdiction over the defendants.

As there is nothing to support the Court from exercising general jurisdiction over the defendants the Court must look to see if it can exercise specific jurisdiction over the defendants.  Specific Jurisdiction turns on the relationship among the defendant, the forum, and the litigation.[32]  The Sixth Circuit has articulated a three-part test on this issue: (1) the defendant must purposely avail itself of the privilege of acting in the forum state or causing a consequence in the forum state; (2) the cause of action must arise from the defendant's activities there; (3) the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum to make the exercise of jurisdiction over the defendant reasonable.[33]

With respect to purposeful availment, the Sixth Circuit has adopted the stream of commerce plus approach under which the placement of a product into the stream of commerce without more is not an act of the defendant purposely directly towards the forum state.[34]

The defendants have not purposely availed themselves to the jurisdiction of Ohio by placing an ad on the internet.  The sole allegation as to the defendants, with respect to jurisdiction, is they placed an ad on an internet site which was viewable by residents of Ohio.  The Sixth Circuit has determined such action is not enough to warrant the

---

[32] *Walden v. Fiore,* 571 U.S. 277 (2104).
[33] *Compuserve, Inc. v. Patterson,* 89 F.3d 1257 (6th Cir. 1996).
[34] *Bridgeport Music, Inc. v. Still N the Water Pub,* 327 F.3d 472 (6th Cir. 2003).

exercise of jurisdiction.[35]  In *Bird* the plaintiff, an Ohio resident, filed suit against defendants asserting claims for violations of federal copyright and trademark law. The court held the mere fact the defendant maintains a website accessible to anyone over the internet is insufficient to justify jurisdiction.

In *513 Ventures, LLC v. PIV Enterprises, Inc.*[36] the court held personal jurisdiction cannot be asserted over a defendant with a website that does nothing more than provide information to users in the forum state.  The court in *513 Ventures* stated a non-passive website, one by which the defendant welcomes business from the forum state, does not establish purposeful availment without additional allegations that a commercial connection in fact exists between the business and the forum state.

To determine whether an operator of a website purposely availed himself of the forum state, the court looks at the websites level of interactivity.[37]  There are generally three levels of interactivity of websites, including: (1) passive sites that only offer information for the user to access; (2) active sites that clearly transact business and or form Contacts; and (3) hybrid or interactive sites that allow users to exchange information with the host computer.[38]  The purposeful availment is shown if the website is interactive to a degree that reveals specifically intended interaction with residents of the state.[39]  Personal jurisdiction cannot be asserted over a defendant with a merely passive website that does nothing more than provide information to users in the forum state.[40] Importantly, even a non-passive website, one by which the defendant welcomes

---

[35] *Bird, Id.*
[36] *513 Ventures, LLC v. PIV Enterprises, Inc.,* 2012 WL 995277.
[37] Neogen Corp. v. Neo Gen Screening, Inc., 282 F. 3d 883 (6th Cir. 2002).
[38] *Zippo Mfg. Co. v. Zippo Dot Com, Inc.,* 952 F. Supp. 1119. (W. D. Pa. 1997).
[39] *Zippo, Id.*
[40] *V. Secret Catalogue, Inc. v. Zdrok,* 2003 WL 22136303, (S. D. Ohio 2003).

business from the form state, does not establish purposeful availment without additional allegations that commercial connection in fact exists in the business in the forum state.[41] Whether the defendants held themselves as welcoming business from Ohio is immaterial.[42]

In this case, the complaint does not allege defendants Lowry and Sanders purposely availed themselves to the jurisdiction of Ohio.  Rather, the allegations simply state defendants advertised for sale a truck and trailer on the internet which plaintiff then discovered.  The defendants did not operate the website, Racingjunk.com, they merely placed an ad on the site which was available for anyone in the world to see.  The ad did not target Ohio residents nor was it specific to Ohio residents.  This is not enough for a court to exercise specific jurisdiction over a party.

Therefore, because there is no basis for this Court to exercise jurisdiction over defendants Lowry and Sanders the case should be dismissed.  Alternatively, this Court should transfer the case to the District Court of Georgia which would have jurisdiction as it would be the proper forum for this action.

Respectfully submitted,

/s/ Thoms J. Gruber_____
Thomas J. Gruber    (0018697)
Michael P. Cussen     (0065078)
McCaslin, Imbus & McCaslin
600 Vine Street, Suite 800
Cincinnati, OH  45202
Phone:  513-421-4646
Fax:  513-421-7929
e-mail:  tjgruber@mimlaw.com
mpcussen@mimlaw.com
**Counsel for Defendants Lowry and Sanders**

---

[41] *Tewart Enterprises, Inc. v. Dawson,* 2007 WL 1114819 (S. D. Ohio 2007).
[42] *Tewart, Id.*

9

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 9th day of February, 2021, the foregoing document has been filed electronically with the United States District Court for the Northern District of Ohio and a copy served electronically by the court on all counsel of record.

McCaslin, Imbus & McCaslin

By: _/s/ Thomas J. Gruber_

MPC:kmh
ID:TJG\20210103 Lowry\Motion to Dismiss